UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:17-cv-81147-WPD

KLX, Inc.,

    Plaintiff,
v.

Your Container Solutions, Inc. and
Ryan A. Haskin,

    Defendants.
_____/

## MOTION TO STRIKE RYAN HASKIN'S PLEADINGS
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, KLX, Inc. *d/b/a* KLX Aerospace Solutions ("KLX"), pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii), requests that the Court strike the pleadings of Ryan A. Haskin ("Haskin"). In support, KLX states as follows:

### PERTINENT FACTS

1. On July 20, 2018, KLX filed its *Motion to Compel Discovery from Haskin* [ECF No. 43] (the "Motion to Compel"), pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), as to the document-request discovery that was previously served on Haskin on December 8, 2017.

2. On August 7, 2018, the Court entered an order (the "Withdrawal Order") granting the request of counsel for Haskin to withdraw from representation in this case. ECF No. 50. In Paragraph 5 of the Withdrawal Order, the Court directed Haskin to respond to KLX's discovery request and attempt to work to resolve the issues raised in the Motion to Compel.

3. Haskin did not obtain new counsel or serve any supplemental response to KLX's discovery requests. Nor did Haskin attempt to work to resolve the issues raised in the Motion to Compel since the entry of the Withdrawal Order.

4. After KLX filed a notice informing the Court of such failure, on September 10, 2018 the Court entered its *Order Requiring Further Conferral and Filing of Joint Notice* [ECF No. 57] directing the parties to confer in person or via telephone to try to resolve the discovery dispute raised in the Motion to Compel, and to file a joint notice no later than September 17, 2018 regarding such conferral.

5. As set forth in the *Notice Regarding Discovery Dispute* [ECF No. 60] filed by KLX on September 17, 2018, KLX made multiple good faith attempts to confer with Haskin but was unable to do so. Based on its limited communications with Haskin, which are set forth in such notice, KLX believes that Haskin has no further intention of participating in this case.

6. Notice of this failure prompted the Court to enter its September 28, 2018 *Order Granting Plaintiff's Motion to Compel Discovery from Haskin and Denying Plaintiff's Motion to Compel Discovery from YCS as Moot* [ECF No. 63] (the "Order on Motion to Compel"), wherein the Court granted the Motion to Compel and ordered Haskin to produce all documents in his possession that are responsive to Categories 1 through 7 of KLX's Request for Production. Further, the Court stated in such order that Haskin's "failure to comply with this Order and failure of Defendant Haskin to comply with his discovery obligations may subject Defendant to sanctions, including but not limited to an award of attorney's fees and costs, striking of his pleadings, entry of judgment against him, a finding of contempt, or any other appropriate relief."[1]

7. It has now been over two weeks since the Court's entry of its Order on Motion to Compel, and KLX has received no communications from Haskin. Nor has Haskin served any additional responsive documents or discovery responses.

---

[1] In light of the Court's entry of a $1,908,010.21 final default judgment against Haskin's company and co-defendant Your Container Solutions, Inc. on September 24, 2018, a similar motion to compel directed at Your Container Solutions, Inc. was denied as moot. ECF Nos. 62 and 63.

2

8.      As set forth in its Motion to Compel, the discovery request in question was served by KLX on Haskin on December 8, 2017. Moreover, as set forth in the Motion to Compel, the categories of documents requested by KLX are integral to KLX ultimately meeting its burden of proof as to its fraud counts against Haskin. Accordingly, Haskin's failure to meet his discovery obligations has prejudiced and continues to prejudice KLX.

9.      As certified below, the undersigned counsel reached out to Haskin via voicemail and email on the afternoon of October 12, 2018 to ascertain the status of Haskin's discovery response and to attempt to resolve the dispute set forth in this motion. However, the undersigned counsel has, as of the date of this motion, not heard back from Haskin.

## **MEMORANDUM OF LAW**

As set forth in the Order on Motion to Compel, and pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii), a party's failure to obey a Rule 37(a) discovery order may be sanctioned by the Court through the striking of the disobedient party's pleadings.

"The sanction of striking of pleadings . . . is a sanction of 'last resort' and is appropriate only where lesser sanctions are not adequate." *Tarino v. Los Delfines Inc.*, 2015 WL 3761903, at *4 (S.D. Fla. June 11, 2015). Further, a party's failure to obey a discovery order must be willful in order to justify the sanction of striking his pleadings. *Tarino*, 2015 WL 3761903, at *2. "A party's 'violation of a discovery order is deemed willful if it is demonstrated that the party consciously or intentionally fails to comply with the terms of the order.'" *Id.* at *3 (quoting *Arbo Int'l Foods, LLC v. Reco Sales Corp.*, 2006 WL 2927518, at *3 (N.D. Ga. June 16, 2006). Such intent or conscientiousness is shown by a party failing to act after repeated and express notice of the possibility of sanction. *See id.* at *3-4

Haskin has now thumbed his nose at three separate Court orders [ECF Nos. 50, 57, 63],

3

the last of which expressly placed him on notice of severe sanctions, concerning the Motion to Compel and is seemingly unfazed by the recent $1,908,010.21 final default judgment against his company, Your Container Solutions, Inc., that resulted from that company's repeated failure to comply with Court orders. *See* ECF Nos. 51 and 58.

Accordingly, Haskin's failure to obey the Order on Motion to Compel is willful, sanctions less than the striking of pleadings are inadequate as to the goal of causing Haskin to comply with his discovery obligations, and the Court should therefore strike Haskin's pleadings [ECF No. 29] in this case pursuant to Rule 37(b)(2)(A)(iii).

**WHEREFORE**, KLX respectfully requests that the Court strike the pleadings filed by Ryan A. Haskin at ECF No. 29.

## CERTIFICATE OF CONFERRAL

Prior to filing this Motion, the undersigned counsel made reasonable efforts to confer with Ryan A. Haskin, but has been unable to do so. Such efforts consist of the undersigned's voicemail and email to Mr. Haskin at 4:30 p.m. on October 12, 2018.

                                Respectfully Submitted,

                                **SHRAIBERG, LANDAU & PAGE, P.A.**
                                Counsel for Plaintiff KLX, Inc.
                                2385 NW Executive Center Drive, #300
                                Boca Raton, Florida 33431
                                Telephone: 561-443-0800
                                Facsimile: 561-998-0047

                                By: */s/ Eric Pendergraft*
                                    Eric Pendergraft
                                    Florida Bar No. 91927
                                    ependergraft@slp.law
                                    John E. Page
                                    Florida Bar No. 0860581
                                    jpage@slp.law

5

**CERTIFICATES OF SERVICE**

I certify that a true and correct copy of the foregoing was served on October 16, 2018 via U.S. Mail and via email to: Ryan A. Haskin, c/o Ryan A. Haskin, 12620 FM 1960 Rd. West, Suite A-4/200, Houston, Texas 77065; ryan@ycstexas.com.

/s/ Eric Pendergraft